IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES )
) CR No. 7-21, CV No. 9-1198
VS. )

JAMES PLATTS

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant was indicted on five counts, related to income tax evasion and nonpayment.  The indictment was filed on January 16, 2007.  He was convicted by a jury on March 20, 2008, and sentenced on June 27, 2008 to thirty months imprisonment on each count, to run concurrently.   Defendant appealed, on grounds that there was insufficient evidence to sustain the conviction.  The Court of Appeals affirmed the conviction.   Presently before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255.

For the following reasons, the Motion will be denied, and a certificate of appealability shall not issue.

### OPINION

**I. STANDARD OF REVIEW**

**A. Section 2255**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402, 2004 U.S. App. Lexis 5692, at *4 (3d Cir. 2004).  Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).

I will consider Defendant's Motion according to these standards.

**B. Ineffective Assistance of Counsel**

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that

counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13 (3d Cir. 1989). Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

> Our Court of Appeals has addressed the appropriate inquiry as follows:
> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).

As regards appellate counsel specifically, it is sufficient for her to have

raised those claims which she reasonably believed had the best chance of succeeding, even if other possible claims existed. See Sistrunk v. Vaughn, 96 F. 3d 666, 670 (3d Cir. 1996). Counsel is required to exercise professional judgment with respect to an appeal. Id.

**II. Defendant's Motion**

Defendant claims that his counsel was ineffective in several respects: 1) failing to obtain documents prior to trial; 2) failing to object to evidence illegally retained and used in this case by the government, which had been seized in 2001; 3) failing to deal appropriately with the timeliness of the charges; 4) failing to challenge the elements charged in the indictment; 5) failing to familiarize himself with tax law and procedures, resulting the in the failure to raise potential defenses, and take other appropriate steps; 6) failing to challenge jury instructions that did not differentiate civil from criminal acts; 7) failing to adequately prepare for sentencing and loss calculations.

I have carefully considered each of Defendant's arguments, and will address each in turn.

   **A. Failure to Demand the Timely Production of**

   **Documents and Evidence**[1]

First, I address Defendant's argument that counsel failed to obtain

---

[1] The section headings used herein are taken verbatim from Defendant's Brief. Defendant's submission is lengthy, and I adopt his headings for the sake of clarity. For the same reason, I do not independently address each of the numerous and particularized portions of the record to which Defendant assigns error.

documents used by the Government as evidence, or to bring to the Court's attention the uncooperative attitude of the Government and IRS.  Defendant claims that at trial, he discovered that several important documents were omitted or previously unavailable.   In the first instance, absent any information regarding the documents allegedly withheld, I am wholly unable to conclude that the inability to review those documents prior to trial prejudiced Defendant in any way.  Additionally, the docket reflects no deficiency in counsel's performance.  For example, defense counsel sought and obtained a later trial date for the purpose of examining and obtaining documentary evidence and information, and then sought and obtained an extension of the deadline for pre-trial motions, in order to review discovery materials.   Likewise, other than Defendant's present and conclusory assertion, the record reflects no withholding on the part of the Government, the Court's ignorance of which could have prejudiced Defendant.  Defendant is not entitled to relief on these grounds.

**B.  Failure to Object to Wrongfully Obtained and Misused Evidence**

Defendant argues that counsel was ineffective for failing to object to certain evidence.  In particular, he claims that in 2001, the Government seized documents from him in an unrelated matter involving Defendant's company, and that the IRS then wrongfully retained them after that matter was concluded.  Defendant suggests that the illegally retained documents were then used to prosecute the instant matter.  In turn, the Government claims that the documents at issue were never seized.  Instead, they were given, upon request, to an IRS revenue officer, and there were no grounds for moving for their

exclusion. Again, Defendant fails to identify the particular documents at issue, or the particular grounds on which counsel might have objected to their use. I cannot find him entitled to habeas relief on this basis.

### C. Failure to Qualify the Underlying Validity of the Charging Instrument

Defendant argues that counsel failed to deal properly with the timeliness of the indictment. The Government counters that the indictment, which charged five counts of violating 26 U.S.C. § 7201, for willfully attempting in any manner to evade or defeat any tax or the payment thereof, was timely. Section 7201 is subject to a six-year statute of limitations. 26 U.S.C. § 6531(2).

As the Government concedes, Defendant correctly contends that one Count of the indictment exceeded the six-year limitations period. Defendant, however, executed a waiver of statute of limitations issues, the validity of which he does not contest. Similarly, Defendant does not demonstrate that counsel was ineffective as regards the waiver.

The waiver reads, in pertinent part, as follows:

> I am aware that under 26 U.S.C. 6531, the statute of limitations for the aforesaid offenses [for violations of 26 U.S.C. 7201] is six (6 years from the date of the alleged violations and that, absent my express waiver, I could not be prosecuted for any offenses which occurred more than six (6) years from the filing of formal charges, either by indictment or information.
>
> It is my desire that formal charges with respect to the aforesaid offenses not be filed on or prior to August 10, 2006, the date on, or near which, the statute of limitations in this matter will presently expire, and that the period of time for filing aforementioned charges be extended until no later than January 17, 2007....[in order to accommodate discussions

> regarding potential resolution of the case].
>
> In consideration of the United States delaying the institution of such formal charges until after August 10, 2006, a delay requested by me, through counsel, for my benefit, I hereby waive all defenses grounded upon the statute of limitations with regard to any such charges filed during the period from and including August 10, 2006, through and including January 17, 2007....I have conferred with my attorney...with regard to this matter, and I fully understand the consequences of this waiver.

Defendant and his counsel both signed the notarized waiver. Accordingly, there were no legitimate grounds for counsel to raise the time bar in connection with the defense of this matter. Therefore, I reject Defendant's contention that counsel was ineffective regarding the validity and timeliness of the indictment.

### D. Failure to Challenge the Elements Charged in the Indictment

Defendant argues that counsel failed to "develop a thorough understanding of the elements charged in the indictment and weigh particular defenses against the burden of proof that the government must overcome." Although this allegation is extremely broad, Defendant's brief suggests several particulars.

First, Defendant suggests that counsel did not properly deal with the jury instructions, which allegedly failed to somehow differentiate between civil and criminal liability, or failed to specify the elements of willfulness and deficiency required by the crime charged. Defendant, however, does not point to a particular error in the instructions to which counsel should have objected. Moreover, the transcript reflects that the following instruction was given to the jury:

> In order for the crime of income tax evasion to be proved, the Government must establish beyond a reasonable doubt each of the following elements.
> First, the existence of a tax deficiency; second, an affirmative act by the Defendant constituting an attempt to evade or defeat the payment of the tax; and, third, that the Defendant acted willfully.

Therefore, the jury was specifically instructed as to both a tax deficiency, and willfulness. Accordingly, there are no grounds for accepting Defendant's argument that counsel's conduct was deficient in the respects urged.

Second, he suggests that there was insufficient evidence of willful conduct and a tax deficiency.[2] Sufficiency of the evidence, however, was already ruled upon at the appeal stage. The Court of Appeals specifically noted that the elements of tax evasion include willfulness and the existence of a tax deficiency, and found "ample support" for the conviction. Issues decided on direct appeal may not be re-litigated in a Section 2255 Motion. <u>United States v. Ruddock</u>, 82 Fed. Appx. 752, 756 (3d Cir. 2003). Therefore, I decline to consider Defendant's arguments in this regard.

### E. Failure to Investigate Processes and Procedures

Next, Defendant charges that counsel failed to familiarize himself with the processes, procedures, and related tax codes specific to the IRS.[3] Defendant

---

[2] Indeed, suggestions regarding the insufficiency of the evidence are scattered throughout Defendant's brief. To the extent that Defendant intends to raise any other insufficiency claims, my conclusion relates to all such claims.

[3] Defendant asserts that pre-trial counsel advised Defendant that he "felt he was not sufficiently familiar with tax law to provide an adequate defense," and insisted that Defendant obtain the assistance of a tax attorney. He then withdrew as counsel, on November 15, 2007. While this conduct may have been – as Defendant terms it – inconvenient or inexcusable, I agree with Defendant that it does not violate the standards imposed by <u>Strickland</u>. Defendant traces no specific, ultimate prejudice to this conduct, and assigns no specific deficiency in knowledge to his subsequent trial counsel.

contends that counsels' failure in this regard resulted in, or is evidenced by, the failure to "adequately investigate options that would have reduced counts in the indictment or satisfied the government's questions"; failure to object to the government's use of "scatter-brained and uncertain" witnesses; failure to initiate certain testimony or lines of questioning; and failure to present certain evidence.

The record, however, does not support Defendant's broad conjectures about failures or knowledge of the law. A court "should allow a wide range of latitude for counsel's tactical and strategic decisions." DeJesus v. United States, No. 05-939, 2005 U.S. Dist. LEXIS 34220, at *8 (D.N.J. July 15, 2005). There is no evidence that counsel's approach to the testimonial and other evidence at trial was patently unreasonable, and Defendant has not demonstrated the required prejudice as a result of that approach. Instead, I have reviewed the trial transcript, and find that it demonstrates otherwise.

### F. Failure to Challenge Jury Instructions

Defendant also claims that counsel failed to challenge the jury instructions, or to provide certain guidance to the jury. It is the province of the Court, and not counsel, to instruct the jury; counsel would not have been permitted to guide the jury. Other than the supposed shortfalls addressed supra, Defendant has not identified any particular misstatements of law in the jury instructions. Instead, he broadly contends that the jury did not receive "correct instructions on tax law, tax losses, tax deficiencies, and general information about loan repayments, trust fund recovery, [etc.]." To the extent that Defendant contends that the Court was required to provide the jury with a general primer on

economic matters, I reject that contention.  Based on Defendant's blanket argument, I cannot conclude that the instructions were improper, or that counsel had grounds to object thereto.

### G. Failure to Prepare for Sentencing and Loss Calculations

Defendant argues that counsel failed to properly deal with the amount of tax loss attributable to the offense.  While it is unclear what Defendant believes that counsel should have done differently, the record reflects that at sentencing, the Government summarized the testimony regarding losses as to each count of the indictment.  Defendant's counsel did likewise, in an attempt to discredit the Government's calculations.  The Court took testimony as to the calculations, which included witness examination by the defense.  The Court then made a finding regarding the total tax loss.  The record reflects no significantly substandard preparation by defense counsel, or any suggestion of prejudice suffered thereby.

## III.  OTHER CLAIMS

Defendant raises several other claims, in addition to his claims that counsel was ineffective, as grounds for habeas relief.[4]  "A section 2255 petition is not a

---

[4]On December 30, 2009, Defendant submitted additional documents raising an argument that the indictment was constructively amended by the proof at trial and/or the jury instructions, and relating to alleged errors in the jury instructions.  The submissions were filed without leave of Court.  Moreover, these supplemental submissions are not couched in terms of ineffective assistance of counsel, and may be rejected on that basis.

Additionally, a second or successive 2255 petition is barred, absent approval by the Court of Appeals.  See 28 U.S.C. § 2255.  Additionally, such a petition must be filed within one year, in this case, of the date on which Defendant's conviction became final.  Id.  A defendant cannot add a completely new theory of relief or a new claim after the one-year limitations period has expired.  United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999); see also Mayle v. Felix, 545 U.S. 644, 656, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).  Defendant's constructive amendment argument constitutes a new claim, not raised in his initial habeas motion, and therefore does not "relate back" to the initial motion; in addition to constituting an impermissible second motion, that claim was filed outside of

substitute for an appeal." Government of V.I. v. Nicholas, 759 F.2d 1073, 1074 (3d Cir. 1985). If a defendant failed to raise a claim on appeal, he may raise it collaterally only if he demonstrates cause and prejudice. See, e.g., Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).[5] "Cause" for the default must be "an occurrence beyond a petitioner's control that cannot be fairly attributed to him." United States v. Rishell, No. 97-294-1, 2001 U.S. Dist. LEXIS 21536, at *29 (E.D. Pa. Dec. 21, 2001). "Additionally, prejudice must be substantial, such that the integrity of the entire proceeding is infected." Id. at *30.

In this case, Defendant did not raise any of his non-ineffective-assistance claims on direct appeal. He has not demonstrated any cause for failing to do so, and does not claim that appellate counsel was ineffective. Moreover, he has not demonstrated the required prejudice. He has, in sum, procedurally defaulted his claims. Even if the claims were not subject to procedural default, however, they do not entitle him to relief. For the sake of completeness, and to assure Defendant that I have not left his proffers unconsidered, I will explain why the

---

the limitations period. If I were to consider the argument, however, I would reject it. The alleged variances to which Defendant points did not effectively modify the indictment, such that there was a substantial likelihood that Defendant may have been convicted of an offense other than that charged in the indictment. See United States v. McKee, 506 F.3d 225 (3d Cir. 2007).

The jury instruction issues, to the extent that they may be deemed to relate back to the initial motion, are encompassed by the pertinent discussion in the body of the Opinion. I note that Defendant repeats his contention that the instructions were, in various respects, confusing to the jury. The instructions, however, properly defined for the jury applicable concepts and legal elements. There are no grounds for concluding that any potentially confusing instructions constituted defects of constitutional stature, so as to entitle him to habeas relief.

[5]A defendant need not demonstrate cause and prejudice, as a general matter, for ineffective assistance claims raised for the first time on collateral attack. Rishell, 2001 U.S. Dist. LEXIS 21536, at *14 n. 9.

defaulted claims would not succeed even if I were to consider their substance.

### A. Brady Violations

Defendant argues that the Government committed Brady violations, by denying his access to exculpatory documents, and by altering documents. He avers that he was able to access certain documents, "but was not granted the opportunity at a later date to make the presentation." In addition, he discusses certain documents that he avers were stored in Florida, to which he was denied access.[6] To establish a Brady violation, the defendant must show that evidence was suppressed; the evidence was favorable to the defense; and the evidence was material either to guilt or punishment. Strohl v. Grace, No. 7-2495, 2009 U.S. App. LEXIS 24755, at *8 (3d Cir. Oct. 1, 2009). In this case, even if the Government had failed to produce the evidence, Defendant has failed to sufficiently demonstrate how the evidence was material or favorable to him.

### B. Prosecutorial Misconduct

Defendant also alleges that the proceedings were infected by several instances of prosecutorial misconduct: presenting a Grand Jury Report containing inconsistencies; withholding evidence at trial; permitting collusion between witnesses; suborning forgery; and wrongfully prosecuting him based on documents submitted with an offer-in-compromise.

### 1. Grand Jury Report

Defendant contends, briefly, that there were "glaring inconsistencies" or

---

[6] In support of this proposition, Defendant cites to his statement, at the sentencing, that he was not allowed to return to Florida to get his records from storage.

inaccuracies in the grand jury report, of which the prosecutor "certainly had to be aware."  Even if I were to agree with Defendant's assessment of the grand jury report, specific factual inconsistencies in testimony, as opposed to wholesale fabrication by grand jury witnesses, is unlikely to threaten a defendant's right to fundamental fairness in the criminal process.  See United States v. Cleaver, 236 Fed. Appx. 359, 360-61 (10th Cir. 2007).  "Simply because there exists inconsistencies [in a witness's]...testimony does not warrant the inference that the government knowingly introduced perjurious testimony."  United States v. Hemmer, 729 F.2d 10, 17 (1st Cir. 1984).  In this respect, Defendant has not presented any basis for relief.

### 2. Suborning Forgery

Defendant contends that two witnesses lied during their testimony, or altered documents or signed Defendant's name thereto.  Assuming that I were to accept Defendant's assertion that the witnesses committed perjury or forged documents, the mere fact of these misrepresentations simply cannot raise an inference that the Government counsel incited or solicited the dishonesty.  Defendant submits absolutely no evidence, other than his own speculation, that counsel for the Government suborned forgery.  I find no basis for relief on those grounds.

### 2. Offer in Compromise

Defendant next argues that the Government acted improperly when it proceeded with prosecution based on documents submitted with an Offer in Compromise.  In so doing, Defendant urges that I apply United States v. Levy, 533

F.2d 969 (5th Cir. 1976).  Levy involved a defendant charged with making false statements on an IRS statement of financial condition; the court considered the issue of whether the applicable statute authorized the taking of the statement under penalty of perjury.  Assuming, but not finding, that Levy is factually applicable here, the case has not been expressly adopted by the United States Court of Appeals for the Third Circuit.[7]  I decline to adopt the case at this time.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

### CONCLUSION

Defendant's frustration with his position, and the course of this proceeding, is palpable in his filings.  I empathize with the difficulties inherent in his situation, and assure him that I have carefully reviewed the transcripts and other docket evidence in this matter.  Despite Defendant's urging, the personal morality of an individual Judge does not supply the governing standard; instead, I must be guided by legal standards and precedent.  Moreover, it is role of the jury, and not of the Judge, to make credibility determinations, weigh evidence, and draw inferences.   Under applicable standards, I am constrained to find that

---

[7] Levy has not been widely adopted by appellate courts.  See, e.g., United States v. Holroyd, 732 F.2d 1122 (2d Cir. 1984) (rejecting Levy).

Defendant has failed to establish a fundamental defect resulting in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure.   A certificate of appealability shall not issue.

An appropriate Order follows.

## ORDER

AND NOW, this 8th day of January, 2010, it is hereby ORDERED, ADJDUGED, and DECREED that Defendant's Section 2255 Motion (Docket No. 88) is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, U.S. District Court