IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| | ) | CR No. 7-21 |
| v. | ) | |
| JAMES C. PLATTS | | |

**OPINION AND ORDER**

In this case, a jury convicted Defendant for violating federal tax laws. Presently before the Court is an "Amended 28 U.S.C. §2255," which Defendant appears to characterize as an amendment to his 2009 Section 2255 Motion. Attached as an exhibit thereto is a "Motion in Brief under 28 U.S.C. §2255." Defendant also refers to 28 U.S.C. §2244 for the proposition that he may now proffer newly discovered evidence.[1] The Government opposes the present Motion as an impermissible second or successive habeas petition.[2]

The Motion that Defendant seeks to amend is no longer pending; thus, the amendment is moot and cannot be ruled on. However, because Defendant has appended a document styled as a Motion, I will address it as such, in the event that he intended to seek relief from this Court.

---

[1] Section 2244 deals with certification by the Court of Appeals. I am without authority to consider such a request.

[2] Presently, Defendant complains that I improperly re-characterized a Motion as a second or successive Section 2255 Motion, without providing him notice that I was doing so. "The purpose of the Third Circuit's decision [in Miller] was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition." D'Amario v. United States, No. 7-1313, 2008 U.S. Dist. LEXIS 23464, at *12 (D.N.J. Mar. 24, 2008). After Miller was decided, but before Defendant filed his Section 2255 Motion, the United States Supreme Court "made it clear that there is no general requirement for a District Court to provide information or legal advice to pro se litigants who seek post-conviction relief, save for the situation … when the District Court itself chooses to recharacterize the litigant's motion." United States v. Perry, 142 Fed. Appx. 610, 612-13 (3d Cir. 2005) (citing Pliler v. Ford, 542 U.S. 225, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)). In this case, I considered the merits of all of Defendants' contentions, including those proffered in his supplemental filings, all of which he clearly characterized and presented pursuant to Section 2255. Defendant then raised those issues, again, in the appellate courts. Accordingly, Defendant was not in any way precluded from raising his challenges before the limitations period expired.

Following his sentencing, Defendant has mounted multiple challenges to his conviction and sentence -- by motion, brief, and, by his count, forty-nine "supplemental addendums." Initially, in this Court, he filed a Motion pursuant to 28 U.S.C. § 2255, on August 3, 2009, followed by several supplements. By Order dated January 8, 2010, I denied the Motion. When doing so, keeping in mind liberal standards applicable to <u>pro se</u> litigants and principles underlying Section 2255 and fundamental fairness, I carefully considered <u>all</u> of the Defendants' submissions. Following the January 8 Order, Defendant filed several additional Motions in this Court, as well as a notice of appeal and supplements thereto, raising all of his contentions of constitutional violations. The United States Court of Appeals for the Third Circuit denied his requests, including one for rehearing. Subsequently, the United States Supreme Court denied his petition for writ of certiorari.

I empathize with Defendant's palpable sense of frustration. Nonetheless, it remains that neither liberal amendment rules nor the body of liberal rules applicable to <u>pro se</u> habeas petitioners grant a license to duplicate arguments or raise novel challenges, <u>ad infinitum</u>, without regard to statutory time limitations, proper avenues of procedure, judicial economy, and interests in the finality of judgments. Those limitations preclude Defendant from bringing the present Motion. <u>See</u>, <u>e.g.</u>, 28 U.S.C. § 2255(f), (h). I have considered Defendant's present submission, and find that he may not mount another collateral attack on his sentence, and that he has not stated grounds entitling him to relief.

AND NOW, this 23rd day of February, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that to the extent Defendant's "Amended 2255" (Docket No. 139) is intended to seek relief, the same is denied.

BY THE COURT:

/S/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court