IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 7-21 |
| v. | ) |
| JAMES C. PLATTS | |

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion for Reconsideration of this Court's Order dated February 23, 2012. In this matter, Defendant was convicted on five Counts on January 16, 2007, and sentenced on June 27, 2008. Our Court of Appeals affirmed his conviction and sentence by Judgment dated June 5, 2009. Subsequently, on September 3, 2009, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. 2255, which I denied. Defendant appealed that decision. On appeal, Defendant presented fourteen documents surrounding various issues, including the presentation of new evidence, and the Order denying his Section 2255 Motion. On August 17, 2010, the Court of Appeals denied a certificate of appealability as to all of the issues raised, and denied all pending Motions.

Defendant then filed an Amendment to his Motion to Vacate, on January 23, 2012, and I denied that Motion. I did so on grounds that Defendant sought to amend a Motion that had been disposed of. Also, that disposal was affirmed by the Court of Appeals. Thus, there was no pending request for relief that was subject to amendment. Again, I reiterate that Defendant raised all of his contentions in a variety of submissions before both this Court and the Court of Appeals, and all properly raised contentions were considered. Defendant was not deprived of the opportunity to present all of his Section 2255 claims. I note, too, that Defendant argues here that

the Court of Appeals has ignored its responsibilities. Again, I am without authority to address any such claim.

Motions for reconsideration are granted sparingly, "[b]ecause federal courts have a strong interest in finality of judgments." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D.Pa. 1995). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Defendant appears to suggest that newly discovered evidence, discovered on or after August 23, 2012, justifies a second or successive habeas petition.[1] However, 28 U.S.C. §2255(h)(1) addresses this question to the appellate courts. In any event, as regards my February 23, 2012 decision, Defendant has not demonstrated that reconsideration is warranted.

AND NOW, this 18th day of May, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Reconsideration [143] is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[1] Defendant asserts that he has discovered 11 boxes containing 40,000 documents. Because of the date of the alleged discovery, it would have been impossible for Defendant to have included such newly discovered evidence in an initial, timely 2255 petition. According to any measure, therefore, the evidence is properly considered according to standards applicable to second or successive petitions.